```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PROFESSIONAL RECOVERY SERVICES, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> GENERAL ELECTRIC CAPITAL CORPORATION and PATRICIA SMITH, : <br> : <br> Defendants. : | HON. JEROME B. SIMANDLE <br><br> Civil No. 06-2829 (JBS) <br><br><br> **OPINION** |

Stephen J. DeFeo, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
     Counsel for Plaintiff Professional Recovery Services, Inc.

Francis F. Quinn, Esq.
LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO
420 Lexington Avenue
New York, NY 10170
     Counsel for Defendant General Electric Capital Corporation

James A. Rocco, III, Esq.
LAW OFFICES OF JAMES A. ROCCO, III
5505 Marlton Pike
Marlton & Lexington
Pennsauken, NJ 08109
     Counsel for Defendant Patricia Smith

**SIMANDLE**, District Judge:

     This matter comes before the Court on appeal by Plaintiff Professional Recovery Services, Inc. ("Plaintiff") of the Magistrate Judge's July 25, 2008 determination that Plaintiff may not obtain through discovery the entire personnel file for the years 2000 to the present of an employee of Defendant General

Electric Capital Corporation ("Defendant GE") [Docket Item 48]. Plaintiff argues that this employee, Janine Movish, is a key witness in this matter and that her personnel file falls within the proper scope of discovery, while Defendant GE objects to the request as over-broad and only speculatively relevant.  For the reasons set out below, the Court will affirm the Magistrate Judge's decision to deny Plaintiff's expansive discovery request.

I.   **BACKGROUND**

   **A.   Factual Allegations**

Plaintiff is suing Defendant GE along with Defendant Patricia Smith ("Defendant Smith"), a former employee of Plaintiff, for an incident in which Defendant Smith accused Plaintiff of impropriety and those accusations were communicated by Defendant GE to several of Plaintiff's other clients, who subsequently withdrew their business from Plaintiff.[1] Plaintiff is a collection agency serving banks and other financial institutions.  (Am. Compl. ¶ 6.)  As of June, 2005, Defendant GE was included among Plaintiff's clients, along with the banks Chase and Wells Fargo.  (Id. ¶¶ 11, 31, 34.)  According to Plaintiff, after Plaintiff fired Defendant Smith, she contacted Ms. Movish, a Senior Manager handling fraud, and another GE employee, Jeff Brethauer, and accused Plaintiff of fraud and

---

[1] For the purpose of this appeal, the Court will assume the allegations in the Amended Complaint to be true.

other illegal activity.  (Am. Compl. ¶ 20-21; Transcript of Teleconference with Magistrate Judge ("Tr.") at 5.)  Ms. Movish then communicated these allegations, along with allegedly confidential documents, to Chase and Wells Fargo.  (Id. ¶ 34.) Despite knowing that the police and the Secret Service both interviewed Defendant Smith and determined that further investigation was not warranted, Ms. Movish purportedly did not convey this information to either bank.  (Id. ¶¶ 40, 45-47.) After being contacted by Ms. Movish about Defendant Smith's allegations, Chase and Wells Fargo ended their contracts with Plaintiff.  (Id. ¶¶ 51-55.)

    **B.**    **Procedural History**

On June 22, 2006, Plaintiff brought suit in this case.  On February 12, 2007, Plaintiff filed an amended complaint and discovery proceeded.  Against Defendant GE, Plaintiff asserts claims of defamation (Count II), tortious interference with business relations (Count IV), breach of contract (Count VI), and negligence (Count VII).  As part of discovery, Plaintiff has deposed Ms. Movish twice, apparently without difficulty.  (Pl.'s Letter to Magistrate Judge, June 26, 2008.)  The conflict at issue here arose when Plaintiff submitted a document production request to Defendant GE demanding Ms. Movish's entire personnel file for the past eight years.  (Pl.'s Third Request for Production of Documents to Def. GE.)  Plaintiff asked for:

> The personnel file of Janine Movish from 2000 to date, including: all criteria used for compensation adjustments including any bonus program and written performance reviews/evaluations for Janine Movish; all reprimands to Janine Movish; all progress reports related to Janine Movish; and all emails or other documents to or from supervisor(s), Human Resources personnel or upper management related to Janine Movish's job performance.

(Id. at 5.)  Defendant objected to this request:

> Defendant objects to this request as overly broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The request is clearly a fishing expedition for information related solely to the possibility of providing impeaching evidence on collateral issues. The information sought herein is not limited in scope nor directed towards any evidence related to the subject matter of this litigation or the issues of this case. The demand is extremely intrusive into the personal employment information of Ms. Movish without any limitation related to the issues of this case as required by the Federal Rules of Evidence.

(Def. GE's Response to Pl.'s Third Request for Production of Documents.)

The matter was presented to the Magistrate Judge.  In a letter to the Magistrate Judge, Plaintiff outlined Ms. Movish's alleged role in this case and explained that it wished to review her personnel file "to determine whether there are documents in that file which bear upon her credibility, motivations (financial, professional or otherwise) and competency, as well as [Defendant] GE's view of her and her work."  (Pl. Letter to Magistrate Judge, June 26, 2008.)  Defendant GE responded in writing, reiterating concerns set forth in its original objection

4

to the request, and arguing that there was nothing to suggest that Ms. Movish's personnel file contains anything relevant to this case.  (Def. Letter to Magistrate Judge, July 3, 2008.)

On July 25, 2008, the Magistrate Judge heard argument via teleconference.  Plaintiff argued that Ms. Movish's personnel file fell within the scope of discovery because there was deposition testimony suggesting that at some point Ms. Movish was demoted, (Tr. at 5); the file may contain information on Ms. Movish's credibility or motivations, (id.); they had reason to believe that Ms. Movish did not comply with Defendant GE's protocol and that protocol was changed after this incident and any reprimands or reviews of Ms. Movish after the incident would also be contained in Ms. Movish's file, (id. at 6, 7.); the file should contain information about compensation which may show that Ms. Movish was compensated based on how she performs fraud investigations, (id. at 7.).

Defendants argued to the Magistrate Judge that Ms. Movish's conversations were thoroughly documented and approved by Defendant GE, that "[t]here is no indication that she was reprimanded in any way whatsoever for anything that was done in this case," that Ms. Movish testified that she was not criticized for what she did, and that Ms. Movish was not demoted after the incident.  (Id. at 7-8.)  Instead, Defendant GE reiterated the argument that Plaintiff's request for Ms. Movish's entire

5

personnel file was merely a "fishing expedition."  (Id. at 8.)

After listening to these arguments, the Magistrate Judge ruled:

> The Court's ruling is that it agrees with the defendant and therefore denies plaintiff's request for an order to produce the personnel file.  It appears to the Court, and I don't mean any disrespect by this, that the plaintiff is engaged in a fishing expedition.  There does not appear to be any reason to believe that there is any concrete relevant information in the personnel file at this point, but plaintiff would just like to look at it to see if there is something that could be relevant.
> In addition, the plaintiff had the opportunity to depose this witness and to question this witness about issues that may be reflected in her personnel file and therefore, plaintiff is not prejudiced because it had the opportunity to question the witness about that.  If there was a reason to believe that there, in fact, was relevant information in the file then the Court would, of course, order it to be produced.  But, what's happening appears to the Court is plaintiff just wants to look at it just to be extra careful to make sure that there might be something in there.
> If the Court accepts that justification, then in every case, with every personnel file you would have to grant the opposing party the right to see it and the Court is not prepared to extend discovery that far.  So, in sum the Court's ruling is that plaintiff's request for the personnel file is denied.

(Id. at 8-9.)  Essentially, the Magistrate Judge determined that the request for Ms. Movish's entire personnel file was over-broad, and that the same information was already available from other sources, namely Ms. Movish's deposition testimony and Defendant GE's other discovery responses.  (Id.)

On August 8, 2008, Plaintiff filed its notice of appeal.

6

**II. DISCUSSION**

In considering an appeal of a nondispositive order by a Magistrate Judge, the Court will modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c).

> A magistrate judge's finding is clearly erroneous when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is "left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. [Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998)]. The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). However, "[w]here a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Rhett v. N.J. State, 2007 WL 1456199, **1-2, 2007 U.S. Dist. LEXIS 35350, at *4 (D.N.J. May 14, 2007).

Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). When reviewing a nondispositive decision, the Court must limit its review to the record that was before the Magistrate Judge. Haines v. Liggett Group Inc., 975 F.2d 81, 91-93 (3d Cir. 1992).

In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference. V. Mane Fils S.A. v. International Flavors and Fragrances Inc., No. 06-2304, 2008 WL 4606313 (D.N.J. Oct. 18, 2008); Cooper Hospital/University

Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996). This is especially true where, as here, the Magistrate Judge has managed this case from virtually the outset and "developed a thorough knowledge of the proceedings." Public Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir. 1995).

Rule 26(b)(1), Fed. R. Civ. P., sets forth the proper scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Federal courts have long construed this rule liberally,[2] but the

---

[2] Much of this jurisprudence, however, interpreted an earlier and more expansive version of the current Rule 26(b)(1). See, e.g. Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). That version read, in relevant part, "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1) (1993) (amended 2000). In 2000, the rule was amended, limiting the scope of automatic discovery but giving the courts leave to permit broader discovery to the pre-amendment limit on a showing of good cause. Fed. R. Civ. P. 26 advisory committee's note (2000). The determination of what constitutes "good cause" lies within the discretion of the Magistrate Judge in applying legal principles to the

scope of discovery is not limitless, and is bound not only by the requirement of relevance and the possibility of producing admissible evidence, but also by the considerations of proportionality in Rule 26(b)(2)(C).  Fed. R. Civ. P. 26(b)(1), (2)(C).  Specifically, Rule 26(b)(2)(C) requires the Court to limit the extent of the discovery when, inter alia, "the burden or expense of the proposed discovery outweighs its likely benefit" or the information can be obtained from another, less burdensome, source.

Furthermore, it has been recognized that personnel files, even of a party's agent, may contain information that is both private and irrelevant to the case, and that special care must be taken before personnel files are turned over to an adverse party. See Miles v. Boeing Co., 154 F.R.D. 112, 115 (E.D. Pa. 1994); In re Sunrise Securities Litigation, 130 F.R.D. 560, 580 (E.D. Pa. 1989), clarified by 109 B.R. 658 (E.D. Pa. 1990).  In such situations, discovery may be denied or it may be narrowly tailored to meet the needs of the case, balanced against the reasonable expectations of privacy of the subject party.

In this circumstance, the Court agrees with the Magistrate Judge that Plaintiff's request for Ms. Movish's entire personnel file is both over-broad and duplicative and consequently should be denied.  Contrary to Plaintiff's suggestion, the Magistrate

---

circumstances and needs of the case.

Judge did consider and weigh the various factors in order to make a determination consistent with his discretionary authority under Rule 26(b)(2)(C). The Magistrate Judge reviewed the parties' submissions in support and opposition to Plaintiff's document request, listened to arguments from both parties, and adopted Defendant GE's position on the request. (Tr. at 6, 8.) The Magistrate Judge found that Plaintiff's request was over-broad - "a fishing expedition" - as Defendant GE had argued,[3] and therefore it was impermissible under Rule 26(b)(2)(C). (Tr. at 8; Def. GE's Response to Pl.'s Third Request for Production of Documents; Def. Letter to Magistrate Judge, July 3, 2008.) In addition, the Magistrate Judge found that Plaintiff had access to other sources for the same information through prior discovery, including Ms. Movish's own deposition testimony. (Tr. at 9.) The Court concludes that Magistrate Judge's decision to preclude

---

[3] In its letter to the Magistrate Judge, Defendant GE emphasized:

> A review of the request by the plaintiff makes clear that it is a scattershot approach to discovery which seeks significant personal information concerning Ms. Movish which has little, if any, likelihood of turning up information relevant to this matter. The request is for her entire personnel file without limitation. It includes a request for her entire history at GE over a period of many years, including pay, bonuses, and all evaluations. These are matters far beyond the borders of this litigation.

(Def. Letter to Magistrate Judge, July 3, 2008.)

10

Plaintiff from obtaining Ms. Movish's entire personnel file from 2000 to the present was neither erroneous nor contrary to law, and certainly not an abuse of discretion, where Plaintiff is seeking a large amount of personal material about a non-party in order to discover information which could have been (and may still be) ascertained through other means. See Fed. R. Civ. P. 26(b)(2)(C). To cast a wide net for discovery of information in the hopes that something of use may come back is the essence of a fishing expedition precluded by the rule of proportionality.

The Court, however, does not read the Magistrate Judge's opinion to prevent Plaintiff from making a narrowly tailored request for specific documents, some of which might be found in Ms. Movish's personnel file, and does not intend this Opinion to preclude such a request. If, for example, Plaintiff wants to determine whether Ms. Movish was reprimanded for her conduct in this case, Plaintiff might formulate a specific interrogatory or ask for any documentation of such a reprimand. In that circumstance, the Magistrate Judge might agree that this demand satisfies the requirements of both Rule 26(b)(1) and Rule 26(b)(2)(C). Such a determination must, of course, be made by the Magistrate Judge in the first instance and the Court expresses no opinion on the outcome of this hypothetical discovery dispute.

**III. CONCLUSION**

For the foregoing reasons, the Court will affirm the Magistrate Judge's July 25, 2008 Order that Plaintiff may not obtain the entire personnel file for the past eight years of Janine Movish, an employee of Defendant GE, through discovery. The accompanying Order will be entered.


**January 15, 2009**                **s/ Jerome B. Simandle**
Date                                                        JEROME B. SIMANDLE
                                                            United States District Judge